UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
            v.                      )   Crim. No. 03-10370-DPW
                                    )
DOUGLAS BANNERMAN et al.            )
                                    )
_____)
```

## MOTION FOR PERMISSION TO USE WIRETAP EVIDENCE AT DETENTION HEARING

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney Rachel E. Hershfang, hereby moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for an order relieving the United States of its obligation to disclose the contents of wire, oral, or electronic communication intercepted pursuant to Title 18, United States Code, Section 2518, at least ten days before using such materials at trial or hearing. As grounds for this motion, the government states as follows:

A. Background

1. On July 21, 2003, Honorable Joseph L. Tauro of the United States District Court for the District of Massachusetts issued an Order authorizing the interception of communications on a wireless telephone responding to the number (617) 901-0104, with electronic serial number ("ESN") C12C1FEA, and any subsequently changed telephone number(s) assigned to the instrument bearing that ESN or any changed ESN(s) assigned to the same telephone number ("Target Telephone 1"). On August

14, 2003, Honorable Reginald C. Lindsay issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1. On September 12, 2003, Honorable Rya W. Zobel issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1. On October 10, 2003, Honorable Patti B. Saris issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1. On November 7, 2003, Honorable Joseph L. Tauro issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 1.

2. On August 15, 2003, Honorable Patti B. Saris issued an Order authorizing the interception of communications on a Verizon-New England hardline telephone number (617) 277-4117, and any changed telephone number assigned to the same cable, pair and binding post as (617) 277-4117 ("Target Telephone 2"). On that same date, and by the same Order, interception was allowed of wire communications on a wireless telephone responding to the number (617) 970-8308, with ESN 441B8D97, and any subsequently changed telephone number(s) assigned to the instrument bearing that ESN or any changed ESN(s) assigned to the same telephone number ("Target Telephone 3"). On September 12, 2003, Honorable Rya W. Zobel issued an Order authorizing the continued interception of wire communications

occurring to and from Target Telephone 2 and Target Telephone 3. On October 10, 2003, Honorable Patti B. Saris issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 2 and Target Telephone 3. On November 7, 2003, Honorable Joseph L. Tauro issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 2 and Target Telephone 3.

3. On October 10, 2003, the Honorable Joseph L. Tauro issued an Order authorizing the interception or communications on a pre-paid wireless telephone responding to the number (617) 721-1998, with ESN 06602680771, and any subsequently changed telephone number(s) assigned to the instrument bearing that ESN or any changed ESN(s) assigned to the same telephone number ("Target Telephone 4"). On November 7, 2003, Honorable Joseph L. Tauro issued an Order authorizing the continued interception of wire communications occurring to and from Target Telephone 4.

4. Wire communications to and from Target Telephones 1, 2, 3 and 4 were intercepted pursuant to the above-referenced wiretap orders.

5. Title 18, United States Code, Section 2518(9) provides in relevant part:

> [T]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise

> disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. **This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.** [Emphasis added.]

6. The government requests that the Court waive the ten-day period ordinarily required by 18 U.S.C. § 2518(9) because it is not possible to furnish the wiretap materials to the defendants ten days before their scheduled detention hearings and the defendants will not be prejudiced by the delay in receiving the information.

7. At the defendants' respective detention hearings, which are currently scheduled for December 8, 2003, the government intends to rely upon the contents of certain intercepted wire communications. In the case of some defendants, most of the evidence is likely to consist of the contents of intercepted communications. This evidence will include intercepted conversations that suggest that certain defendants constitute risks of flight and/or a danger to the community.

8. Because the detention hearings have been scheduled to take place less than ten days after the defendants' arrests (which took place on December 2, 2003), it will not be possible to furnish the defendants with the wiretap materials ten days

before the detention hearings in compliance with 18 U.S.C. § 2518(9). Because of the covert nature of the government's investigation in this matter, and the likelihood that the defendants would flee if they learned about it, the government could not disclose the wiretap application and order until after substantially all defendants were arrested. Under these circumstances, there is good cause for the Court to waive the ten-day notice provision of 18 U.S.C. § 2518(9).

9. The defendants will not be prejudiced by a waiver of the ten-day notice provision because the provision exists chiefly to allow defendants time to move to suppress the admission of wiretap evidence, and such motions to suppress are not allowed at detention hearings. The rules regarding the admissibility of evidence in criminal trials do not apply at a detention hearing. 18 U.S.C. § 3142(f). Consequently, challenged wiretap information may be used at a detention hearing. United States v. Apker, 964 F.2d 742, 744 (8th Cir. 1992); United States v. Angiulo, 755 F.2d 969, 974 (1st Cir. 1985). Since the defendants cannot seek to suppress the admission of wiretap evidence at the detention hearing, the government's providing them with the wiretap order and application in advance of that hearing will benefit them by accelerating the production of materials that would normally be produced during automatic discovery. Judge Keeton has previously held that it is appropriate to waive the 10-day notice provision of 18

U.S.C. § 2518(9) when the government seeks to use the contents of intercepted communications as evidence at detention hearings, United States v. Shea, 749 F. Supp. 1162, 1169 (D. Mass. 1990), and Chief Judge Young took a similar position in United States v. Hilma Hernando-Ovalle, et al., Criminal No. 99-10257-WGY.

WHEREFORE, the government hereby moves pursuant to 18 U.S.C. § 2518(9) for permission to use the contents of intercepted communications at the detention hearings in this case, even if such hearings take place less than ten days after the disclosure of the wiretap application and order.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Rachel E. Hershfang
RACHEL E. HERSHFANG
Assistant U.S. Attorney
(167) 748-3249

Dated: December 4, 2003

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion for Permission to Use Wiretap Evidence at Detention Hearing will be served by hand on all counsel of record appearing at the detention hearing in the above-captioned case on December 8, 2003.

 

_____
RACHEL E. HERSHFANG
Assistant U.S. Attorney