

U.S. Department of Justice

United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

January 14, 2004

By Hand

James M. Merberg, Esq.
66 Long Wharf
Boston, MA 02110

Michael C. Bourbeau, Esq
21 Union Street
Boston, MA 02108

Kevin J. Reddington, Esq.
Kevin J. Reddington Law Office
1342 Belmont
Brockton, MA 02301

Owen S. Walker, Esq.
Federal Defenders Office
408 Atlantic Avenue
Boston, MA  02109

John T. Diamond, III, Esq.
15 Foster
Quincy, MA 02169

William J. Cintolo, Esq.
803 Hancock
Box 189
Quincy, MA 02170

Adam A. Rowe, Esq.
Crowe & Dunn, LLP
141 Tremont St.
Boston, MA 02111

Re: United States v. Douglas Bannerman et al.
Criminal No. 03-10370-DPW

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case regarding defendants Douglas Bannerman ("Bannerman"), Kurt Walter ("Walter"), Daniel Macauley ("Macauley"), John Graham ("Graham"), John McCarthy ("McCarthy"), Scott Myers ("Myers") and Jose Vezga ("Vezga") (collectively, the "defendants"):[1]

---

[1] Documents Bates numbered 00001-01429 were previously produced to counsel for Bannerman, Walter and Myers in connection

A.  <u>Rule 16 Materials</u>

1.  <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.  <u>Written Statements</u>

There are no relevant written statements of any defendant in the possession, custody or control of the government that are known to the attorney for the government.

    b.  <u>Recorded Statements</u>

There are no relevant recorded statements of the defendants in the possession, custody or control of the government that are known to the attorney for the government.

    c.  <u>Grand Jury Testimony of the Defendant</u>

None of the defendants testified before a grand jury in relation to this case.

    d.  <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

Personal history reports prepared by defendants Bannerman, Walter, Myers, Graham, Vezga, McCarthy, and Macauley.

2.  <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Each of you received a copy of your client's prior record at the initial appearance; please contact me if you need an additional copy.

3.  <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned

---

with the detention hearings in this case. An additional copy of those documents is <u>not</u> included in the packages transmitted herewith to counsel for those three defendants.

2

Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. This offer includes review of surveillance photographs and videotapes, described throughout the DEA-6 and DEA-7a reports enclosed herewith.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Please find enclosed DEA-7 laboratory results for Exhibits 7, 15, 16, 17, 18, 19, Bates nos. 4343-4347. I have not yet received completed DEA-7 report for exhibits 20, 21, 22, 24, 25, 26, 27, 28, 33, which have been submitted for analysis. I will provide those results to you upon receipt. I am also awaiting a laboratory report for fingerprint analysis on Exhibit N-370. That will also be provided upon receipt.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Search warrants were obtained and executed at 30 Gardner Road, Apartment 2C, Brookline, Massachusetts; 25 Royal Road, Brookline, Massachusetts; 1 Watson Place, Building No. 4, storage room; The Fairfield Luxury Apartments, 790 Boylston Street, Apartment 17E, Boston, Massachusetts; 34 Bolton Street, Newton, Massachusetts; and 16 Roach Street, Quincy, Massachusetts. Copies of the search warrants, application, affidavit, and returns are enclosed at Bates nos. 01100-1184, 4654-4685.

Search warrants were obtained but not executed for the same six locations on November 15, 2004. Copies of those search warrants, application, and affidavit are enclosed at Bates nos. 01005-01099, 4686-4720.

Search warrants were obtained and executed for two American Voice Mail Boxes (617/499-1990 and 617/499-1967) on April 17, 2003; June 6, 2003; October 30, 2003; and November 26, 2003. Copies of those search warrants, applications, and affidavits are enclosed at Bates nos. 4734-4849, with the exception of the Affidavit in Support of the Application for Search Warrant (November 26, 2003), of which an unsigned version is enclosed (I will forward a signed version on receipt) and the return and inventory on the October 30 search warrant executed on 617/499-1967 (I will produce it on receipt). I note that I am moving to unseal these documents and that they will soon be publicly available, assuming my motions are allowed. Audiotapes relevant to these searches have been assigned the DEA Exhibit numbers N-43, N-44, N-45, N-240 are available for your review and duplication at Apex Reporting, 327 Summer Street, 1st Floor, Rear, Boston, MA, telephone #(617) 426-3077.

A search warrant was obtained and executed on a 1998 Ford F-150 pickup truck, Oregon registration number WHZ-214, on February 25, 2003. A copy of the search warrants, application, affidavit, and return are enclosed at Bates nos. 4721-4733.

An inventory search was conducted of a Volvo belonging to Bannerman on 2, 2003 by DEA. A copy of a DEA report describing that search will be provided when it is produced.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire, electronic and/or oral communications, as defined in 18 U.S.C. § 2510, of the defendants relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. A copy of the applications for authorization to intercept communications relating to the charges contained in the indictment in which the defendants were named as an interceptees and pursuant to which the defendants were intercepted are enclosed. Copies of the supporting affidavits of Brian Tomasetta and resulting court orders authorizing the interceptions, and the court orders dated date directing the sealing of intercepted communications under 18 U.S.C. § 2518(a) also are enclosed herewith, Bates nos. 00001-01004. (Copies of these documents were previously produced to counsel for Bannerman, Walter and Myers in connection with the detention hearings in this case and additional copies are <u>not</u> enclosed with discovery provided to those defendants' counsel.)

Five compact discs containing recordings on the intercepted lines are available for your review and duplication at Apex Reporting, 327 Summer Street, 1st Floor, Rear, Boston, MA, telephone #(617) 426-3077. The five discs contain calls on 617/970-8308 (1 disc); 617/901-0104 (2 discs); 617/721-1998 (1 disc) and 617/277-9117 (1 disc). Copies of these recordings will also be made available for review at the correctional institutions at which any of the defendants are incarcerated.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which a defendant was intercepted or which the government intends to offer as evidence in its case-in-chief are enclosed in DEA-7a reports enclosed herewith, including those Bates numbered 4348-4440, 4464-4500, 4599-4653, and 4874-4906

4

Consensual tape and video interceptions were made of telephone conversations and personal meetings involving the defendants WALTER, BANNERMAN, VEZGA, and MYERS. These recordings, bearing DEA non-drug exhibit numbers N-138, N-140, N-144, N-151, N-152, N-153, N-156, N-157, N-158, N-161, N-163, N-165, N-166, N-167, N-171, N-174, N-175, N-186, N-187, N-188, N-195, N-196, N-207, N-208, N-209, N-216, N-221, N-224, N-223, N-236, N-233, N-238, N-239 are available for your review and duplication at Apex Reporting, 327 Summer Street, 1st Floor, Rear, Boston, MA, telephone #(617) 426-3077. Copies of these recordings will also be made available for review at the correctional institutions at which any of the defendants are incarcerated.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

As to the conspiracy charged in the indictment, the government notes that there it is aware of known unindicted coconspirators in this matter. The names of many known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated January 14, 2004, to defense counsel filed under seal with the court. However, pursuant to Local Rule 116.6 and the letter, dated January 14, 2004, to defense counsel filed under seal with the court, it would be detrimental to the interests of justice to make the disclosure of the names of other unindicted coconspirators at this time.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that any defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.   The government is unaware of any information that would tend directly to negate any defendant's guilt concerning any count in the indictment.

5

2.  Other than as is disclosed in the materials produced herewith, the government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  The charged offenses in this case were developed with the assistance of four cooperating witnesses ("CW-1," "CW-2," "CW-3," and "CW-4"). Pursuant to L.R. 116.6, the government declines at this time to identify these witnesses by name, as disclosing the names might result in witness tampering, interference with an ongoing investigation, and/or risk of physical harm to a witness.

The following promises, rewards, or inducements have been given to CW-1: CW-1 has been paid a total of $2100 by DEA, including payments for both expenses and services. CW-1 came to the attention of the Boston Field Office of DEA as a result of a multi-state, wiretap investigation, led by the DEA Medford Resident Office in Medford, Oregon, that targeted a marijuana trafficking organization. In the course of a wiretap on telephones used by CW-1's cousin in December 2002 and January 2003, several calls between CW-1 and its cousin were intercepted. During the execution of a search warrant on CW-1's residence in May 2003, agents seized various documents and items (including but not limited to an electronic scale, baggies, pipe and a small quantity of marijuana) relating to drug trafficking and CW-1's occupancy there. CW-1 has not yet been charged in connection with the marijuana trafficking conspiracy in Oregon or elsewhere. It is expected that CW-1 will likely be charged in participation in a conspiracy to distribute marijuana in violation of Title 21, United States Code, Section 846 in the District of Oregon, and both the government and CW-1 anticipate that its cooperation in connection with the Massachusetts investigation will be considered in connection with the government's recommendation for disposition in the District of Oregon matter. There are currently no plans to charge CW-1 with separate charges in the District of Massachusetts.

The following promises, rewards or inducements have been given to CW-2: CW-2 has been paid a total of $2600 by DEA, including payments for both expenses and services. CW-2 was a member of a conspiracy that distributed large quantities of marijuana and cocaine throughout the United States. CW-2 agreed to cooperate after it was intercepted engaging in numerous drug-related conversations with the target of DEA-San Diego, California wiretap investigation and after a small quantity of illegal drugs was found in its possession. It has not been

6

charged in connection with that seizure.

The following promises, rewards or inducements have been given to CW-3: CW-3 has not been paid by DEA to date. As reflected on the redacted copy of CW-3's criminal record (enclosed herewith), CW-3 is currently charged in the District of Massachusetts with possession of cocaine with intent to distribute; conspiracy to possess cocaine with intent to distribute; distribution of cocaine; and a firearm violation. CW-3 expects that its assistance in this and other investigations will be reflected in the government's recommendation that CW-3 receive a reduced sentence for those pending charges.

The following promises, rewards or inducements have been given to CW-4: CW-4 has not been paid by DEA to date. As reflected on the redacted copy of CW-4's criminal record (enclosed herewith), CW-4 is currently charged in the District of Massachusetts with possession of marijuana with intent to distribute and conspiracy to possess marijuana with intent to distribute. CW-4 expects that its assistance in this and other investigations will be reflected in the government's recommendation that CW-4 receive a reduced sentence for those pending charges.

4. A copy of CW-1's criminal record, redacted to protect CW-1's identity, is enclosed herewith, Bates nos. 4854-4855.

In 1991, CW-2 was convicted of possession of narcotics with intent to distribute (a felony) and received a sentence of 180 days committed, followed by 60 months' probation. In 1995, CW-2 was convicted of a misdemeanor charge of theft, and sentenced to 60 days committed, followed by 60 months' probation.

A copy of CW-3's criminal record, redacted to protect CW-3's identity, is enclosed herewith, Bates nos. 4856-4861.

A copy of CW-4's criminal record, redacted to protect CW-4's identity, is enclosed herewith, Bates nos. 4862-4863.

5. The government is aware that the cooperating witnesses have pending criminal cases, as noted above in number 4 and as disclosed on the criminal records enclosed herewith.

6. No named percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue.

7

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

Although discovery is not required at this time either under the Local Rules or the Federal Rules of Criminal Procedure, please find enclosed herewith additional DEA-6 and DEA-7a reports, included herewith.  Also enclosed please find draft transcripts, or "linesheets," of the calls deemed "pertinent" during the course of the electronic interceptions, Bates nos. 01430-3666.  These are strictly working drafts, or "preliminary transcripts," as defined in L.R. 116.4(b)(2).

In addition, although disclosure is not required, you may review and duplicate additional audio- and videotapes, described in the DEA-7a reports enclosed herewith, at Apex Reporting, 327 Summer Street, 1st Floor, Rear, Boston, MA, telephone #(617) 426-3077.  Those additional tapes bear the DEA non-drug exhibit numbers N-230, N-235, N-240, N-288, N-289, N-290, N-291, N-292, N-293, N-294.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617/748-3249 if you have any questions.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  *[signature]*
>Rachel E. Hershfang
>Assistant U.S. Attorney

Enclosures

cc: Ms. Gina Affsa
    Clerk to the Honorable Robert B. Collings
    (w/o enclosure(s))