# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      v.                              CRIMINAL NO. 2003-10370-DPW-01

DOUGLAS K. BANNERMAN,
          Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

      Douglas K. Bannerman ("the defendant") appeared on December 16, 2004 with counsel for a detention hearing. The defendant is charged in Count 1 with conspiracy to possess with intent to distribute 100 kilos of marijuana in violation of 21 U.S.C. § 846. The alleged violation of 21 U.S.C. § 846 is an offense described in 18 U.S.C. § 3142(f)(1)(C).

      The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release)

will reasonably assure the appearance of the person as required and the safety of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety

of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Indictment. Although this presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup*, 757 2d 378 (l Cir., l985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas*, 804 F.2d 157, 163 (1 Cir., 1986).

The second issue is whether the defendant has met his burden of production. I find that he has. Although I find that there are conditions of release which will reasonably assure the defendant's appearance, I find that there are no conditions which will reasonably assure the safety of other

persons and the community. *See* 18 U.S.C. § 3142(g)(4). I find that the facts upon which I base this conclusion have been proven by clear and convincing evidence.

It is clear that in enacting the Bail Reform Act of 1984, Congress was of the view that persons who were able to deal in narcotic drugs were a danger to the community. Referring to offenses prescribed by the Controlled Substances Act which are punishable by more than ten years, the writers of the House Report noted that "[t]hese are serious and dangerous Federal offenses" and, in footnote 59, noted that the "...concept of danger to the safety of the community includes drug trafficking" citing *United States v. Hawkins*, 617 F.2d 59 (5 Cir., 1980). In that case, the Court of Appeals for the Fifth Circuit affirmed a District Judge's denial of bail on the ground that "...from all the surrounding circumstances that the risk of continued drug activity by [the defendant] was so high that he is a danger to the community." *Id*. at 61. In short, Congress plainly was of the view that a risk of trafficking in narcotics such as marijuana posed a danger to other persons and the community.

In the instant case, the salient fact is that at the time the defendant was committing the crime charged in this case, i.e., conspiring to possess with

intent to distribute 100 kilos of marijuana, *he was on probation on a charge of possession of marijuana for purposes of sale* as a result of a conviction in Los Angeles County, California.  He was arrested in Santa Monica on August 16, 2000, plead guilty to the charge on November 15, 2000, and was sentenced to 365 days in jail, suspended, three years' probation.  The probation lasted until November 14, 2003.  The indictment in the present case charges a conspiracy from January, 2003 through December 1, 2003, and a number of the acts the defendant performed in furtherance of the conspiracy occurred before the Los Angeles probation ended on November 14, 2003.

The facts of the Los Angeles case indicate that the defendant and others were unloading marijuana from a truck into a hotel in Santa Monica.  A search of the hotel rooms in which the defendant rented and was seen entering revealed a large amount of U.S. currency and 97 mylar wrapped packages of marijuana.

In short, the defendant's conviction in the Los Angeles court involved possession for sale of a considerable amount of marijuana.  It was while he was on probation for this offense that he came to Massachusetts and conspired with others to possess with intent to distribute more than 100 kilos of

marijuana. I note that the evidence at the detention hearing indicated that the defendant was the major player in the conspiracy. If the defendant did not hesitate to violate the terms of his probation and commit the same type of crime for which he was on probation, I have no confidence that the defendant, even if released on electronic monitoring, would obey the conditions of release I would set and refrain from further criminal activity, especially since his mother, with whom it is proposed he live, works out of the home during the day.

In making the determination that there are no conditions or combinations of conditions of release which will reasonably assure that the defendant would not be a danger due to the high risk that he would continue to engage in drug activity, I do incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous, as I am permitted to do under the cases of *United States v. Jessup, supra* and *United States v. Palmer-Contreras, supra.*

Pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings

of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by either defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

*/s/ Robert B. Collings*
\_\_\_\_ROBERT B. COLLINGS
United States Magistrate Judge

Date: February 2, 2004.