UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 03-10370-DPW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| | ) |
| DOUGLAS BANNERMAN | ) |
| | ) |

## MOTION TO SUPPRESS EVIDENCE PRODUCED BY WIRETAP ORDERS

NOW COMES, the Defendant Douglas Bannerman, through undersigned counsel, and respectfully moves this Honorable Court pursuant to Title 18, United States Code § 2518 (10)(a), for an order suppressing from use in evidence the contents of any and all interceptions of wire and oral communications from Telephone No. (617) 901-0104, and any evidence derived therefrom, on the grounds that said communications were unlawfully intercepted, as hereinafter more specifically appears.

1. Douglas Bannerman is an "aggrieved person" within the meaning of 18 U.S.C.A. §2510 (11).

2. The application submitted to the District Judge did not contain a sufficient basis, (a full and complete statement) for the Court to conclude that other investigative procedures have been tried and failed, or had not been tried, or why other investigative procedures reasonably appear to be unlikely to succeed if tried, or to be too dangerous.

3. As more fully set forth in the attached factual and legal memorandum in support of the instant motion, the information contained in the Affidavit of Special Agent Brian Tomasetta submitted in support of the application seeking the issuance

of an order authorizing interceptions of wire communications occurring over Telephone Number (617) 901-1014 establishes only that normal investigative procedures in fact worked quite well to accomplish every purpose lawfully open to investigative procedures, short of a general warrant to conduct an unlimited exploratory investigation, prohibited by the Fourth Amendment to the United States Constitution.

4. Because no wiretap can lawfully be ordered, consistent with the Fourth Amendment's constitutional limitations, against any but particularly identified persons and places, under circumstances where normal investigative procedures have been tried and failed, the wiretap orders issued in the within case on the basis of the Tomasetta affidavit, which describes under oath the success of normal investigative procedures, are void, as authorizing intrusions upon the Defendants' right of privacy assured him by the mandates of the Fourth and Fifth Amendments to the United States Constitution.

5. Surveillance of the Defendant Douglas Bannerman and others named in the application was indeed accomplished at multiple times and locations effected by normal means, and notwithstanding of the statements contained in the application affidavit to the contrary, support a refusal to grant the relief requested, and invalidate any interception orders issued on the basis of such averments.

6. Normal investigative procedure had been utilized successfully which included, but were not limited to the use of pen registers, the development of four (4) confidential witnesses, a confidential informant, and a controlled series of drug purchases which were audio and videotaped involving the owner of the targeted telephone line, and a substantial body of additional information concerning criminal activity involving unlawful drug trafficking.

7.  The Court's attention is respectfully directed to the Factual and Legal Memorandum submitted in support of the instant Motion to Suppress Evidence Produced By Wiretap.

8.  The Defendant would respectfully request that this Honorable Court conduct an evidentiary hearing on the instant motion.

WHEREFORE, the Defendant prays that, for all the foregoing reasons, the evidence procured by virtue of the first wiretap order and any subsequent electronic interceptions, or searches, which used information from the first interception be suppressed in accordance with the provisions of 18 U.S.C.A. §2518 (10)(a).

Respectfully submitted,
Douglas Bannerman
by his attorney,

James Michael Merberg, Esquire
66 Long Wharf
Boston, MA 02128
(617) 723-1990