## **AFFIDAVIT OF SPECIAL AGENT BRIAN TOMASETTA**

I, Brian Tomasetta, being duly sworn, depose and state as follows:

1.  I am a Special Agent with the Drug Enforcement Administration ("DEA") of the United States Department of Justice. I have been employed by DEA for approximately fifteen years. I am currently assigned to DEA's New England Field Division's Boston Office.

2.  I received a Bachelor of Science Degree in Criminal Justice from Westfield State College located in Westfield, Massachusetts in 1988. I was a Vermont State Trooper for approximately two years. In 1990, I graduated from the DEA's Basic Agent Training Course at the FBI Academy in Quantico, Virginia. This fourteen-week curriculum consisted of the study of federal law relating to narcotics violations, conspiracy, drug identification, surveillance, undercover negotiations as well as other drug law enforcement related subjects.

3.  While with DEA, I have participated in approximately 200 investigations relating to the possession, distribution and manufacturing of controlled substances, including marijuana, heroin, cocaine, crack cocaine, and other illegal drugs. Additionally, I have participated in approximately 100 narcotics-related search warrants, at many of which cash was seized, and approximately 150 narcotics-related arrests. On many occasions,

1

I have recruited, interviewed and directed confidential informants, executed search warrants for the evidence of trafficking controlled substances and worked in an undercover capacity posing as a drug-trafficker.

4. During the above-referenced narcotics investigations, I have utilized, and become familiar with, various investigatory techniques including: (a) the use of confidential sources to obtain information, (b) the use of cooperating witnesses in undercover narcotics purchases, (c) the exploitation of opportunities for direct involvement of undercover agents in drug transactions, (d) the use of physical surveillance of individuals involved in drug trafficking, (e) the execution of search warrants at locations where narcotics and related evidence are concealed, and (f) the use of court-authorized electronic surveillance.

5. I am also familiar with DEA's policies with respect to the seizure of cash. I know that those policies require that cash be seized if (among other reasons) it is believed to be subject to forfeiture. Once seized, forfeitable cash can be retained as evidence only if the Department of Justice authorizes it. Otherwise, the cash is counted (either by the case agents or, for large amounts of cash, by a bank) and promptly converted to a cashier's check, payable to the United States Marshals Service.

6. During my 15 years with DEA, I have participated in the seizure of cash on numerous occasions. I do not recall ever retaining cash as evidence.

Signed, under pains and penalties of perjury, this 4th day of January, 2005.

_____
Special Agent Brian Tomasetta
United States Drug Enforcement
Administration

3