```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        ) CRIMINAL NO. 03-10370-DPW
                               )
DOUGLAS BANNERMAN, et al.,     )
          Defendants.          )
```

## UNITED STATES' MOTION FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. In support thereof, the United States sets forth the following:

1. On or about October 29, 2004, a federal grand jury sitting in the District of Massachusetts returned a six-count Superseding Indictment charging defendants Douglas Bannerman ("Bannerman" or the "Defendant"), and others, with the following violations: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, in violation of 21 U.S.C. §846 (Count One); Possession With Intent To Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841(a)(1) (Counts Two through Five); Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Three); and Money Laundering, in violation of 18 U.S.C. §1957, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Six).

2.   The Superseding Indictment also contained a Criminal Forfeiture Allegation[1], in which, as a result of Bannerman's commission of one or more of the offenses alleged in Counts One through Five of the Superseding Indictment, and pursuant to 21 U.S.C. §853, sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

3.   The Forfeiture Allegation also specified that if the forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States intended to seek forfeiture of any other property of the Defendant's, pursuant to 21 U.S.C. §853(p), up to the value of the forfeitable property, including, but not limited to the following:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 23 Pilgrim By Way,

---

[1] The Superseding Indictment also included a Money Laundering Forfeiture Allegation, however, defendant Douglas Bannerman was not named in that forfeiture allegation.

Duxbury, Massachusetts, as more fully described in the deed dated April 22, 2002 and fiduciary deed, recorded at the Plymouth County Registry of Deeds, book 21938, page 150 and filed in registered land as certificate 101124, Document 536860 and in unregistered land as certificate 101124, document 504340, (the "23 Pilgrim By Way Property").

    4.   On or about August 18, 2005 the Defendant signed a written plea agreement and entered a plea of guilty to Count One of the Superseding Indictment. In the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853. The Defendant admitted that the proceeds earned during the course of the conspiracy, as charged in Count One of the Superseding Indictment, are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of the Defendant's unlawful drug activity and/or are property used, or intended to be used, to commit the crimes charged in Count One of the Superseding Indictment. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property, and real estate.

    5.   Under the plea agreement, the parties agree that the amount of marijuana for which the Defendant is responsible is between 400 and 700 kilograms. Taking the low end of the quantity admitted to by the Defendant, the Defendant is responsible for 400 kilograms of marijuana, which is equal to approximately 880 pounds of marijuana. Based on the training and experience of United States Drug Enforcement Administration Special Agent Dennis Barton

("Special Agent Barton"), the price of marijuana during the time period of the conspiracy was approximately $1,000 per pound[2]. Therefore, the total proceeds earned by Bannerman during the conspiracy are approximately $880,000. Based on the Defendant's guilty plea and conviction on Count One, and the Criminal Forfeiture Allegation of the Superseding Indictment, the United States is now entitled to forfeit from Bannerman approximately $880,000 in United States Currency, or substitute assets valued at up to $880,000.

6. The United States has already administratively forfeited approximately $653,501.81 from the Defendant in connection this criminal case[3]. Therefore, and pursuant to 21 U.S.C. §853(p), the United States is now entitled to the forfeiture of any other property of Bannerman's, up to the value of the $226,498.19, that is, the $880,000 in total proceeds minus the $653,501.81 already forfeited to the United States.

7. Because the remaining $226,498.19 in directly forfeitable assets is not available for forfeiture the United States is, pursuant to the Forfeiture Allegation of the Superseding Indictment and 21 U.S.C. §853(p), entitled to forfeitable substitute assets

---

[2] According to Special Agent Barton, the $1,000 figure is quite conservative.

[3] These forfeited assets consist of five bank accounts totaling $304,440.81; cash totaling $267,868; a car sold for $31,375; six Rolex Watches valued at $50,000.

of the Defendant up to the value of $226,498.19. The United States has identified the 23 Pilgrim By Way Property, as a substitute asset, forfeitable to the United States.

8.  By virtue of the Defendant's guilty plea and conviction, and the Criminal Forfeiture Allegation of the Superseding Indictment, the United States is now entitled to the forfeiture of $226,498.19, or substitute assets in an amount up to the value of $226,498.19. See Rule 32.2(b)(2); 18 U.S.C. §1963(m) and 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999). The United States has identified the 23 Pilgrim By Way Property as a substitute asset, forfeitable in connection with this criminal case. Therefore, the Court may enter a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. §853(a) and (p), and Rule 32.2(b)(1) and (b)(2), directing the forfeiture of the 23 Pilgrim By Way Property, pursuant to 21 U.S.C. §853(p), in an amount up to the value of $226,498.19.

9.  This Court's jurisdiction in this matter is founded upon 21 U.S.C. §853(a), which provides that, with respect to any person convicted of drug offense punishable by imprisonment for more than one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

10. Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide that as soon as is practicable after

entering a guilty verdict on any count on which forfeiture is sought in an indictment, the Court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture.  Using the low end of the drug quantity admitted to by Bannerman, the Defendant is responsible for approximately $880,000 in conspiracy proceeds, of which $653,501.81 has already been administratively forfeited.  By virtue of the Defendant's guilty plea and conviction, the United States is entitled to the $226,498.19 remaining in conspiracy proceeds.  The United States has identified the 23 Pilgrim By Way Property, as a substitute asset, forfeitable to the United States.  If the Court finds that property is subject to forfeiture, it shall promptly enter a Preliminary Order of Forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  Since the $226,498.19 in directly forfeitable assets is not available for forfeiture, the United States is entitled to a preliminary order of forfeiture for substitute assets of the Defendant up to the value of $226,498.19.  At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the Defendant and shall be made part of the sentence and included in the judgment.

    11.  Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853(n), the United States Marshals

Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose the 23 Pilgrim By Way Property, in an amount up to the value of $226,498.19, in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the 23 Pilgrim By Way Property, must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the 23 Pilgrim By Way Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited 23 Pilgrim By Way Property, and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the 23 Pilgrim By Way Property, that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the 23 Pilgrim By Way Property, in an amount up to the value of

$226,498.19, in the form submitted herewith.

                                        Respectfully submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney,

                                        /s/ Jennifer H. Zacks
                                        RACHEL E. HERSHFANG
                                        JENNIFER H. ZACKS
                                        Assistant U.S. Attorneys
                                        United States Courthouse
                                        Suite 9200
                                        1 Courthouse Way
                                        Boston, MA 02210
Date: 11/7/05                        (617) 748-3100

**CERTIFICATE OF SERVICE**

    I certify that I have served a true copy of the foregoing upon James Michael Merberg, Esquire, 66 Long Wharf, Boston, Massachusetts 02110, as counsel for Defendant Douglas Bannerman, by first class mail, postage prepaid.

                                        /s/Jennifer H. Zacks
                                        Jennifer H. Zacks
                                        Assistant U.S. Attorney

Dated: 11/7/05