UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
            Plaintiff,           )
                                 )
    v.                           )   CRIMINAL NO. 03-10370-DPW
                                 )
DOUGLAS BANNERMAN, et al.,       )
            Defendant.           )

### PRELIMINARY ORDER OF FORFEITURE

**WOODLOCK, D.J.,**

WHEREAS, on or about October 29, 2004, a federal grand jury sitting in the District of Massachusetts returned a six-count Superseding Indictment charging defendant Douglas Bannerman ("Bannerman" or the "Defendant"), and others, with the following violations: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, in violation of 21 U.S.C. §846 (Count One); Possession With Intent To Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841(a)(1) (Counts Two through Five); Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Three); and Money Laundering, in violation of 18 U.S.C. §1957, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Six);

AND WHEREAS, the Superseding Indictment contained a Criminal Forfeiture Allegation[1], pursuant to 21 U.S.C §853, which the United States, as a result of the Defendant's commission of one or more of the offenses alleged in Counts One through Five of the Superseding

---

[1] The Superseding Indictment also included a Money Laundering Forfeiture Allegation, however, defendant Douglas Bannerman was not named in the Money Laundering forfeiture allegation.

Indictment, and pursuant to 21 U.S.C. §853, sought the forfeiture of: (1) any and all property constituting or derived from any proceeds Bannerman obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses;

AND WHEREAS, further, in accordance with the Criminal Forfeiture Allegation of the Superseding Indictment, if the directly forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to forfeiture of any other property of the Defendant's, pursuant to 21 U.S.C. § 853(p), up to the value of the above described forfeitable property, including, but not limited to the following:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 23 Pilgrim By Way, Duxbury, Massachusetts, as more fully described in the deed dated April 22, 2002 and fiduciary deed, recorded at the Plymouth County Registry of Deeds, book 21938, page 150 and filed in registered land as certificate 101124, Document 536860 and in unregistered land as certificate 101124, document 504340, (the "23 Pilgrim By Way Property");

AND WHEREAS, on or about August 18, 2005 the Defendant signed a written plea agreement and entered a plea of guilty to Count One of the Superseding Indictment, and the agreed that the Defendant will forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853, as a result of the Defendant's guilty plea;

AND WHEREAS, the Defendant admitted that the proceeds earned during the course of the Conspiracy, as charged in Count One of the Superseding Indictment, are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of the Defendant's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Count One of the Superseding Indictment and the assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property, and real estate;

AND WHEREAS, under the plea agreement, the Defendant admits he is responsible for at least 400 kilograms of marijuana, which is equivalent to 880 pounds of marijuana and, based on a price of $1,000 per pound, is equivalent to approximately $880,000;

AND WHEREAS, the United States has already forfeited property valued at $653,501.81;

AND WHEREAS, the remaining $226,498.19 in proceeds, is not

3

available for forfeiture;

AND WHEREAS, by virtue of the Defendant's guilty plea and conviction, and the Criminal Forfeiture Allegation of the Superseding Indictment, the United States is now entitled to the forfeiture of substitute assets of the Defendant, in an amount up to the value of $226,498.19.

AND WHEREAS, the United States has identified the 23 Pilgrim By Way Property as a substitute asset, forfeitable in connection with this criminal case, the Court may enter a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. §853(a) and (p), and Rule 32.2(b)(1) and (b)(2), directing the forfeiture of the 23 Pilgrim By Way Property, in an amount up to the value of $226,498.19.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the 23 Pilgrim By Way Property and it is hereby forfeited to the United States of America, up to the value of $226,498.19, for disposition pursuant to the provisions of 21 U.S.C. §§853(a) and (p).

2. Pursuant to 21 U.S.C. §853, the United States Marshal Service shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. §853 to seize, forfeit, and dispose of the 23 Pilgrim By Way Property, giving notice as required by law.

3. Pursuant to 21 U.S.C. §853(n)(1), the United States

Marshal Service shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the 23 Pilgrim By Way Property up to the value of $226,498.19 in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. §853(n), the United States Marshal Service may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the 23 Pilgrim By Way Property that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

5. Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Property shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, One Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the 23 Pilgrim By Way Property; and (b) that the petition shall be signed by the petitioner under the penalty of

perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the 23 Pilgrim By Way Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the 23 Pilgrim By Way Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the 23 Pilgrim By Way Property, in an amount up to the value of $226,498.19.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), and Rule 32.2 of the Federal Rule of Criminal Procedure, in which all interests will be addressed.

Date: *November 10, 2005*

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
United States District Judge