```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        ) CRIMINAL NO. 03-10370-DPW
                               )
DOUGLAS BANNERMAN, et al.,     )
          Defendants.          )
```

**MOTION FOR FINAL ORDER OF FORFEITURE**

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Final Order of Forfeiture in the above-captioned case, pursuant Title 21, United States Code, Section 853. In support thereof, the United States sets forth the following:

1. On or about October 29, 2004, a federal grand jury sitting in the District of Massachusetts returned a six-count Superseding Indictment charging defendants Douglas Bannerman ("Bannerman"), and others, with the following violations: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, in violation of 21 U.S.C. §846 (Count One); Possession With Intent To Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841(a)(1) (Counts Two through Five); Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Three); and Money Laundering, in violation of 18 U.S.C. §1957, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Six).

2. The Superseding Indictment also contained a Criminal Forfeiture Allegation, in which, as a result of Bannerman's

commission of one or more of the offenses alleged in Counts One through Five of the Superseding Indictment, and pursuant to 21 U.S.C. §853, sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

    3.   The Forfeiture Allegation also specified that if the forfeitable property, as a result of any act or omission by Bannerman, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States intended to seek forfeiture of any other property of the Defendant's, pursuant to 21 U.S.C. §853(p), up to the value of the forfeitable property, including, but not limited to the following:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 23 Pilgrim By Way, Duxbury, Massachusetts, as more fully described in the deed dated April 22, 2002 and fiduciary deed, recorded at the Plymouth County Registry of Deeds, book 21938, page 150 and filed in registered land as certificate 101124, Document 536860 and in unregistered land as certificate 101124, document 504340, (the "Defendant Property").

    4.   On or about August 18, 2005 Bannerman signed a written

plea agreement and entered a plea of guilty to Count One of the Superseding Indictment. In the plea agreement, Bannerman agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853. Bannerman admitted that the proceeds earned during the course of the conspiracy, as charged in Count One of the Superseding Indictment, are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Bannerman's unlawful drug activity and/or are property used, or intended to be used, to commit the crimes charged in Count One of the Superseding Indictment. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property, and real estate.

5. Under the plea agreement, the parties agreed that the total proceeds earned by Bannerman during the conspiracy are approximately $880,000 and is forfeitable to the United States.

6. The United States has already administratively forfeited approximately $653,501.81 from Bannerman, in connection this criminal case. Therefore, and pursuant to 21 U.S.C. §853(p), the United States is now entitled to the forfeiture of any other property of Bannerman's, up to the value of the $226,498.19, that is, the $880,000 in total proceeds minus the $653,501.81 already forfeited to the United States.

7. Because the remaining $226,498.19 in directly forfeitable

assets is not available for forfeiture, the United States is, pursuant to the Forfeiture Allegation of the Superseding Indictment and 21 U.S.C. §853(p), entitled to substitute assets up to the value of $226,498.19. In the United States' Motion for Issuance of a Preliminary Order of Forfeiture, identified the Defendant Property as a substitute asset and subject to forfeiture.

8. On or about November 10, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. §853, and Rule 32.2 of the Federal Rules of Criminal Procedure, directing the forfeiture of the Defendant Property, in an amount up to the value of $226,498.19. The Court also sentenced Bannerman to 102 months' incarceration, four years of Supervised Release, and the written judgment specifically ordered forfeiture as described in the Preliminary Order of Forfeiture.

9. On or about December 8, 2005, December 15, 2005, and December 22, 2005, a Notice of Preliminary Order of Forfeiture was published in the <u>Boston</u> <u>Herald</u> Newspaper pursuant to 21 U.S.C. § 853(n). A copy of the Preliminary Order of Forfeiture was served by the United States Marshal Service to First American Equity Loan Services, Douglas Bannerman, James M. Merberg, Esquire, the Defendant Property, and the Town of Plymouth, Tax Assessor's Office.

10. To date, no claims of interest in the Defendant Property in an amount up to the value of $226,498.19 have been filed with

the Court and the time within which to do so has expired.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture against the Defendant Property as a substitute asset, in an amount up to the value of $226,498.19. A Proposed Order is submitted herewith for the convenience of the Court.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                              BY:  /s/Jennifer H. Zacks
                                      JENNIFER H. ZACKS
                                      Assistant U.S. Attorneys
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA 02210
Date: February 9, 2006           (617) 748-3100


### CERTIFICATE OF SERVICE

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing was filed by the Electronic Court Filing System (ECF) and was served upon James Michael Merberg, Esquire, 66 Long Wharf, Boston, Massachusetts 02110, as counsel for Defendant Douglas Bannerman, by first class mail, postage prepaid.

                                      /s/Jennifer H. Zacks
                                      Jennifer H. Zacks
                                      Assistant U.S. Attorney

Dated: February 9, 2006