```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
            Plaintiff,        )
                              )
     v.                       ) CRIMINAL NO. 03-10370-DPW
                              )
DOUGLAS BANNERMAN, et al.,    )
            Defendants.       )
```

**STIPULATION OF SETTLEMENT**

The United States of America, by its attorney Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Douglas Bannerman, by his undersigned attorney, set forth the following:

WHEREAS, on or about October 29, 2004, a federal grand jury sitting in the District of Massachusetts returned a six-count Superseding Indictment charging defendant Douglas Bannerman ("Bannerman"), and others, with the following violations: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, in violation of 21 U.S.C. §846 (Count One); Possession With Intent To Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841(a)(1) (Counts Two through Five); Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Three); and Money Laundering, in violation of 18 U.S.C. §1957, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Six);

AND WHEREAS, the Superseding Indictment also contained a Criminal Forfeiture Allegation, in which, as a result of Bannerman's commission of one or more of the offenses alleged in

Counts One through Five of the Superseding Indictment, and pursuant to 21 U.S.C. §853, sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

AND WHEREAS, the Forfeiture Allegation also specified that if the forfeitable property, as a result of any act or omission by Bannerman, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States intended to seek forfeiture of any other property of the Defendant's, pursuant to 21 U.S.C. §853(p), up to the value of the forfeitable property, including, but not limited to the following:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 23 Pilgrim By Way, Duxbury, Massachusetts, as more fully described in the deed dated April 22, 2002 and fiduciary deed, recorded at the Plymouth County Registry of Deeds, book 21938, page 150 and filed in registered land as certificate 101124, Document 536860 and in unregistered land as certificate 101124, document 504340, (the "Defendant Property");

AND WHEREAS, on or about August 18, 2005, pursuant to a written plea agreement, Bannerman entered a plea of guilty to Count One of the Superseding Indictment and, in the plea agreement, Bannerman agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853;

AND WHEREAS, Under the plea agreement, the parties agreed that Bannerman was responsible for a drug quantity that set, as the total drug proceeds earned by Bannerman during the conspiracy, at least $880,000, which is forfeitable to the United States pursuant to 21 U.S.C. §853;

AND WHEREAS, the United States has already administratively forfeited approximately $653,501.81 from Bannerman, in connection this criminal case, as proceeds of the conspiracy to which Bannerman pled guilty and the remaining $226,498.19 is not available for forfeiture, pursuant to 21 U.S.C. §853(p), the United States is entitled to the forfeiture of any other property of Bannerman's, up to the value of the $226,498.19, including the Defendant Property;

AND WHEREAS, on or about November 10, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. §853, and Rule 32.2 of the Federal Rules of Criminal Procedure, directing the forfeiture of the Defendant Property, in an amount up to the value of $226,498.19 and the Court also sentenced Bannerman to 102 months' incarceration, four years of Supervised Release, and the

written judgment specifically ordered forfeiture as described in the Preliminary Order of Forfeiture;

AND WHEREAS, on or about December 8, 2005, December 15, 2005, and December 22, 2005, a Notice of Preliminary Order of Forfeiture was published in the Boston Herald Newspaper pursuant to 21 U.S.C. §853(n).  A copy of the Preliminary Order of Forfeiture was served by the United States Marshals Service on First American Equity Loan Services, Douglas Bannerman, James M. Merberg, Esquire, the Defendant Property, and the Town of Plymouth Tax Assessor's Office.

AND WHEREAS, to date, no claims of interest in the Defendant Property in an amount up to the value of $226,498.19 have been filed with the Court and the time within which to do so has expired, and, on February 9, 2006, the United States filed a motion with this Court for a Final Order of Forfeiture against the Defendant Property in an amount up to the value of $226,498.19;

AND WHEREAS, the parties wish to avoid the time and expense of further litigation;

NOW THEREFORE, in consideration of the foregoing and the mutual undertakings of the parties hereinafter set forth, and for good and valuable consideration, including, but not limited to, the United States' agreement to forbear from exercising its right to sell the Defendant Property if the Revised Final Order of Forfeiture and Money Judgement is granted by the Court, it is hereby stipulated and agreed, by and between the undersigned, as

follows:

1. Upon execution by all parties, this Stipulation of Settlement shall be filed with the United States District Court for the District of Massachusetts in the above-referenced action.

2. Douglas Bannerman consents, within 14 days of the execution of this agreement, to provide the United States with a check, made out to the United States Marshals Service for $190,000. Upon receipt and deposit of the above referenced check, the United States agrees to forbear from selling the Defendant Property. The remaining, unsatisfied portion of the forfeiture judgment issued by the Court on November 10, 2005, would continue to serve as a personal money judgment against Bannerman in the amount of $10,000.00. The United States abandons its claim to the remaining $26,498.19.

3. The United States and Bannerman agree that the settlement of this matter upon the terms and conditions set forth herein shall be in full, final, and complete satisfaction of any and all claims relating to Bannerman or the Defendant Property that arise out of or relate to the underlying acts and circumstances referenced in the pleadings in this matter.

4. Douglas Bannerman unconditionally releases, indemnifies and holds harmless the United States, its officers, agents, employees and/or representatives, both past and present, including but not limited to, the United States Drug Enforcement Agency, as

well as any state, county, or local law enforcement agencies whose personnel were involved in the investigation and/or criminal action and forfeiture action concerning the Defendant Property, and their officers, agents, and employees from and against any and all claims, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the investigation and/or forfeiture action involving the Defendant Property and Bannerman or arising from the provisions of the instant stipulation of settlement.

5. The parties shall bear their own fees, costs, and expenses incurred in connection with any of the proceedings pertaining directly or indirectly to this action.

6. Douglas Bannerman acknowledges that he is, and has been, represented by competent counsel in connection with the negotiation, preparation, and execution of this Stipulation of Settlement, that the provisions of this Stipulation of Settlement and the legal effects thereof have been explained to him, and that he is entering into this Stipulation of Settlement freely and voluntarily, without coercion, duress, or undue influence.

7. This Stipulation of Settlement shall constitute the entire agreement between the parties hereto with respect to the settlement of the forfeiture of the Defendant Property.

8. The parties agree that this Stipulation of Settlement may

be executed by counterpart signature pages and that this Stipulation of Settlement shall be final and binding only upon signing by both parties hereto.

9. Signatories to this Stipulation of Settlement on behalf of Bannerman represent that they have the full power and authority to enter into this Stipulation of Settlement and to perform the obligations set forth herein.

IN WITNESS WHEREOF, the United States of America, by its attorneys, and the Defendant, Douglas Bannerman, by his attorney, hereby execute this Stipulation of Settlement as of the dates hereinafter set forth.

|  |  Respectfully submitted, |
|---|---|
|  | MICHAEL J. SULLIVAN, |
| DOUGLAS BANNERMAN | UNITED STATES ATTORNEY |
| By: | By: |
| /s/James M. Merberg | /s/ Jennifer H. Zacks |
| James Michael Merberg | Jennifer H. Zacks |
| 66 Long Wharf | Assistant US Attorney |
| Boston, MA 02110 | John Joseph Moakley Federal Courthouse |
|  | One Courthouse Way, Suite 9200 |
|  | Boston, MA 02210 |
| Dated: March 2, 2006 | Dated: March 2, 2006 |

DOUGLAS BANNERMAN

/s/Douglas Bannerman

Dated: March 2, 2006